```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
HOI L. WAN,

        Plaintiff,

-against-

UNITED STATES POSTAL SERVICE and
MEGAN J. BRENNAN, POSTMASTER
GENERAL OF THE UNITED STATES POSTAL
SERVICE

        Defendants.
----------------------------------X
```
**Not for Publication**

**MEMORANDUM & ORDER**

17-CV-4988(KAM)(LB)

**MATSUMOTO, United States District Judge:**

Plaintiff commenced the instant action ("*Wan II*") by filing a complaint ("Compl." or the "complaint," ECF/*Wan II* No. 1),[1] on August 23, 2017, naming as defendants the United States Postal Service and Megan J. Brennan, Postmaster General of the United States Postal Service ("defendants"), and alleging violations of his rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, and New York State law.  For the reasons that follow, the instant action is dismissed.

## **Background**

Prior to commencing the instant action, plaintiff had filed a separate complaint against the same defendants in this

---

[1] This order includes citations to docket materials in two cases. Citations to *Wan II* are to the docket in the instant action, case number 17-CV-4988, and citations to *Wan I* are to the docket in *Wan v. United States Postal Service et al.*, case number 17-CV-1560.

district on March 20, 2017, thereby commencing an action that was assigned case number 17-CV-1560 ("*Wan I*"). The *Wan I* and *Wan II* complaints are identical. (*Compare* Compl. *with Wan I* Complaint, ECF/*Wan I* No. 1.)

I. ***Wan I***

Plaintiff never served a summons and the *Wan I* complaint on defendants, and on July 11, 2017, Magistrate Judge Lois Bloom entered a docket order in *Wan I* directing plaintiff to either file proof of service or show good cause for failure to effect service timely, in either case by August 1, 2017. (*Wan I* July 11, 2017 Docket Order.) Plaintiff was warned that the action would be dismissed without prejudice if plaintiff failed to file proof of service or show good cause for failure to serve process. (*Id.*) Plaintiff did not respond to the July 11, 2017 order, and on August 23, 2017, Judge Bloom entered a *sua sponte* Report and Recommendation recommending the dismissal of *Wan I* without prejudice. (*See* Report and Recommendation, ECF/*Wan I* No. 6.) Plaintiff received service of the Report and Recommendation via ECF, but did not object, or otherwise respond, to Judge Bloom's Report and Recommendation.

The undersigned judge adopted Judge Bloom's Report and Recommendation in *Wan I* on October 3, 2017 (*Wan I* October 3, 2017 Docket Order), and the Clerk of Court entered judgment dismissing *Wan I* without prejudice on October 5, 2017. (*See*

Judgment, ECF/*Wan I* No. 7.) On February 19, 2018, over four months after the dismissal of *Wan I*, plaintiff filed a motion seeking vacatur of the *Wan I* judgment and reinstatement of *Wan I* to the court's active docket. (Notice of Motion, ECF/*Wan I* No. 9; *see also* Memorandum in Support of Motion ("Mem."), ECF/*Wan I* No. 10.) In relevant part, plaintiff's motion in *Wan I* attributed his failures to comply with Judge Bloom's July 11, 2017 order and to respond to her Report and Recommendation to the departure of the attorney responsible for plaintiff's representation from the law firm representing plaintiff. (Mem. at 1, 5.) The court denied the motion by order dated April 13, 2018. (Order, ECF/*Wan I* No. 11.)

## II. *Wan II*

The ECF system indicates that the complaint in the instant action (*Wan II*) was filed at 5:02 p.m. on August 23, 2017 by the same attorney who filed *Wan I*, approximately 40 minutes after the issuance of Judge Bloom's Report and Recommendation in *Wan I*, which was filed at 4:19 p.m. on the same date.[2] This action was initially assigned to Judge Roslynn R. Mauskopf and Chief Magistrate Judge Roanne L. Mann, and was

---

[2] This timing casts significant doubt on plaintiff's contention in *Wan I* that his failures to comply with Judge Bloom's July 11, 2017 order and to respond to the Report and Recommendation were attributable to the departure of an attorney from the firm representing plaintiff. Moreover, for the reasons discussed at length in the court's April 13, 2018 order in *Wan I*, 2018 WL 1785485, at *5-6, the court addresses plaintiff's contention regarding the departure from the firm of plaintiff's counsel.

3

subsequently reassigned from Judge Mann to Magistrate Judge Sanket J. Bulsara. (*See Wan II* ECF Entries of August 24, 2017 and September 1, 2017.)

Plaintiff never obtained a summons in this action, and consequently never served the summons and complaint on defendants. On March 12, 2018, Magistrate Judge Bulsara entered an order noting that a summons had not been issued, that under Federal Rule of Civil Procedure ("Rule") 4, the responsibility to obtain a summons lies with plaintiff, and that a plaintiff must serve the defendant within ninety (90) days from the filing of the complaint. (*Wan II* March 12, 2018 Docket Order.) Judge Bulsara further directed plaintiff "to file a stipulation of dismissal or otherwise indicate how this case should proceed by March 23, 2018," and warned that noncompliance could result in dismissal of the complaint. (*Id.* (emphasis omitted).)

Plaintiff failed to comply with Judge Bulsara's March 12, 2018 order, and on April 3, 2018, Judge Mauskopf directed plaintiff to "file a stipulation of dismissal or otherwise indicate how the case should proceed by April 10, 2018." (*Wan II* April 3, 2018 Docket Order.) Plaintiff failed to comply with Judge Mauskopf's order as well. On May 4, 2018, the instant action was re-assigned to the undersigned judge and Magistrate Judge Bloom. (*Wan II* May 4, 2018 Docket Order.)

4

**Discussion**

The court has reviewed the docket in the instant action and concludes that the action shall be dismissed, as there exist no fewer than three independently sufficient bases for dismissal.

First, the instant complaint and the complaint in *Wan I* are identical – they assert the same claims against the same defendants based on the same factual allegations.[3] There is therefore no question that the instant action is wholly duplicative of *Wan I*. "As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank*, *N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (citations omitted); *see also Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation."). Dismissal of the instant action as duplicative of *Wan I* is therefore appropriate.

Second, under Rule 4(m), a plaintiff must either serve a defendant with a summons and complaint or show good cause for failing to serve within 90 after the complaint is filed. Here,

---

[3] Underscoring the duplicative nature of the instant action, the caption of the complaint in the instant action bears *Wan I*'s case number. (*See* Compl. at 1 (indicating case no. "1:17-cv-01560").)

5

the complaint was filed over 275 days ago, on August 23, 2017, and plaintiff has failed to obtain a summons and to serve the summons and complaint, or to show good cause for his failure to serve. Dismissal of this action is therefore proper under Rule 4(m).

Finally, plaintiff has failed to comply with court orders, specifically Judge Bulsara's March 12, 2018 order and Judge Mauskopf's April 3, 2018 order, and has failed to prosecute the instant action. Both Judge Bulsara's March 12, 2018 order and Judge Mauskopf's April 3, 2018 order expressly warned plaintiff that the instant action would be dismissed if plaintiff did not comply. Dismissal is therefore proper under Rule 41(b), based on the same factors that rendered dismissal of *Wan I* under Rule 41(b) proper. *See Wan v. United States Postal Serv.*, No. 17-CV-1560(KAM)(LB), 2018 WL 1785485, at *2-4 (E.D.N.Y. Apr. 13, 2018) (citations omitted) (setting forth factors courts must consider prior to dismissing an action under Rule 41(b) and concluding that Rule 41(b) dismissal of *Wan I* was appropriate).

## Conclusion

For the reasons set forth above, the instant action is DISMISSED without prejudice. The Clerk of Court is respectfully directed to enter judgment and to close the case. Additionally, because plaintiff represented in *Wan I* that Ms. Wu

6

is no longer involved in plaintiff's representation, the Clerk of Court is respectfully requested to serve a copy of this order and the judgment by mail on her former firm, Wong, Wong & Associates, P.C., at their address of record, and to note service on the docket.

**SO ORDERED.**

Dated:    June 12, 2018
             Brooklyn, New York

                                              _____/s/_____
                                              Hon. Kiyo A. Matsumoto
                                              United States District Judge